ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **VEZPRA & ASOCIADOS, S.E. Representada por CARMEN LUISA DROUYN ÁLVAREZ**<br><br>Recurridos<br><br> v. <br>**ELCA CONSTRUCTION CORPORATION Representado por su Presidente ORLANDO R. ORTÍZ BÁEZ, SALINAS WATERFRONT INVESTMENT CORPORATION Representado por su Presidente ORLANDO R. ORTÍZ BÁEZ, ORLANDO RAFAEL ORTÍZ BÁEZ y OTROS**<br><br>Peticionarios | TA2026CE00063 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2024CV10682**<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero - Ordinario, Daños |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2026.

Comparece ante nos la señora Elena Del Carmen Ortiz Báez y el señor Orlando R. Ortiz Báez (en conjunto, hermanos Ortiz Báez o parte peticionaria) mediante un auto de *certiorari.* Nos solicitan que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 5 de noviembre de 2025.[1] Mediante dicho dictamen, el foro primario declaró No Ha lugar la solicitud de los hermanos Ortiz Báez para dejar sin efecto la orden anotándoles la rebeldía.[2]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 67. Notificada y archivada en autos el 5 de noviembre de 2025.
[2] *Íd.*, Entrada Núm. 58; véase además, *Íd.*, Entrada Núm. 47.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari*.

## I.

El caso de marras tiene su génesis el 18 de noviembre de 2024 cuando VEZPRA & ASOCIADOS, S.E., representada por la señora Carmen Luisa Drouyn Álvarez (VEZPRA o parte recurrida), presentó contra ELCA Construction Corporation (ELCA), por conducto del señor Orlando R. Ortiz Báez, una *Demanda* en concepto de incumplimiento de contrato, cobro de dinero, y daños y perjuicios.[3]

Posteriormente, el 1 de mayo de 2025, VEZPRA radicó una *Demanda Enmendada* donde incluyó como codemandados a los hermanos Ortiz Báez, en su carácter personal, así como a Salinas Waterfront Investment Corporation (Salinas Waterfront) y al señor José Orlando Ortiz Colón.[4]

Así las cosas, el 14 y 18 de julio de 2025, VEZPRA realizó el diligenciamiento de los emplazamientos personales dirigidos al señor Orlando R. Ortiz Báez y a la señora Elena Del Carmen Ortiz Báez, respectivamente.[5]

Posteriormente, el 25 de agosto de 2025, VEZPRA presentó una *Moción informativa y solicitud de anotación de rebeldía*.[6] En esencia, solicitó del foro primario la anotación de rebeldía contra los hermanos Ortiz Báez, luego de haber transcurrido más de treinta (30) días desde el diligenciamiento de sus emplazamientos, sin que estos presentaran alegación responsiva, a tenor con las Reglas de Procedimiento Civil, 32 LPRA Ap. V.

Examinada dicha solicitud y el expediente judicial, el foro primario emitió una *Orden de anotación de rebeldía* el 26 de agosto

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 16.
[5] *Íd.*, Entrada Núm. 29; véase también, *Íd.*, Entrada Núm. 34.
[6] *Íd.*, Entrada Núm. 45.

de 2025 donde le impuso la rebeldía a los hermanos Ortiz Báez, en virtud de la Regla 45.1 de Procedimiento Civil, *supra*, R.45.1.[7]

El 1 de octubre de 2025, los hermanos Ortiz Báez comparecieron mediante una *Moción asumiendo representación legal y para que se deje sin efecto anotación de rebeldía.*[8] Argumentaron que, tanto el señor Orlando R. Ortiz Báez como la señora Elena Del Carmen Ortiz Báez asumieron que, por tratarse de un pleito corporativo, no estaban obligados a comparecer. Asimismo, sostuvieron que no se había realizado el descubrimiento de prueba ni existían señalamientos en el calendario, por lo que suplicaron del foro adjudicador dejar sin efecto la anotación de rebeldía realizada contra ellos.

Un mes más tarde, con la anuencia del Tribunal, VEZPRA radicó una *Demanda enmendada número dos* con alegaciones adicionales sobre los hermanos Ortiz Báez.[9]

El 5 de noviembre de 2025, el foro primario emitió una *Orden* en la que declaró No Ha Lugar la solicitud para que se dejara sin efecto la anotación de rebeldía llevada a cabo contra los hermanos Ortiz Báez.[10]

Inconforme, el 18 de noviembre de 2025, los hermanos Ortiz Báez incoaron una *Moción de reconsideración.*[11] Arguyeron que, ante la presentación de una nueva demanda enmendada con nuevas alegaciones en contra de ambos, el levantamiento de la anotación de rebeldía no ocasionaría dilación ni perjuicio alguno contra VEZPRA. En consecuencia, suplicaron nuevamente del TPI que dejara sin efecto la anotación de rebeldía en cuestión y les concediera un término adicional para presentar su alegación responsiva.

---

[7] *Íd.*, Entrada Núm. 47. Notificada y archivada en autos el 26 de agosto de 2025.
[8] *Íd.*, Entrada Núm. 58.
[9] *Íd.*, Entrada Núm. 66.
[10] *Íd.*, Entrada Núm. 67. Notificada y archivada en autos el 5 de noviembre de 2025.
[11] *Íd.*, Entrada Núm. 71; véase además, *Íd.*, Entrada Núm. 75.

Ulteriormente, el 16 de diciembre de 2025, el foro primario emitió una *Resolución* donde declaró No Ha Lugar la antedicha moción de reconsideración.[12]

Insatisfechos, los hermanos Ortiz Báez presentaron el auto de *certiorari* ante nos el 15 de enero de 2026, y nos plantearon los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TPI AL ANOTAR LA REBELDÍA A LOS COMPARECIENTES.**
>
> **SEGUNDO ERROR: ERRÓ EL TPI AL NO RELEVAR A LOS COMPARECIENTES DE LA ANOTACIÓN DE REBELDÍA.**

A pesar de haberle brindado la oportunidad para comparecer, VEZPRA no presentó su posición con relación al auto de *certiorari* de epígrafe. En su consecuencia, procedemos a resolver sin el beneficio de su comparecencia, según advertido mediante nuestra *Resolución* emitida el 22 de enero de 2026.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 391, 403 (2021). La característica distintiva del auto de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012) (énfasis en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, *discreción*

---

[12] *Íd.,* Entrada Núm. 80. Notificada y archivada en autos el 16 de diciembre de 2025.

es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *IG Builders v. BBVAPR, supra*, pág. 338 (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (énfasis en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR \_\_ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

**III.**

En el presente caso, los hermanos Ortiz Báez adujeron que el foro primario incidió al anotarles la rebeldía, y, posteriormente, denegar el relevo de dicha anotación.

Según la *Orden* recurrida, el foro primario razonó lo siguiente para declarar No Ha Lugar a la solicitud de levantamiento de anotación de rebeldía presentada por los hermanos Ortiz Báez:

> La parte codemandada no puso en posición al tribunal de impugnar la declaración jurada del emplazador, José R. Marrero Ríos, en la cual expresó que el emplazamiento diligenciado a Orlando R. Ortiz Báez se entregó el 14 de julio de 2025 "mediante entrega personal a la parte demandada en la siguiente dirección física: 1804 Calle San Diego, Urb. San Ignacio, San Juan, PR".
>
> El emplazamiento de Carmen Ortiz Báez fue diligenciado conforme a derecho y el mismo no está siendo impugnado por ésta.[13]

Luego de evaluar sosegadamente lo planteado por los hermanos Ortiz Báez, al igual que el expediente del pleito de marras, no se desprende falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*.

**IV.**

Por los fundamentos antes expuesto, denegamos la expedición del auto de *certiorari*.

---

[13] *Íd.*, Entrada Núm. 67.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones